| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Anadarko Petroleum Corp., §
§
　　　　Plaintiff, §
§
versus § Civil Action: H-09-3381
§
Century Surety Co., §
§
　　　　Defendant. §

# Opinion on Partial Summary Judgement

1. *Background.*

　　Anadarko Petroleum Corporation operates a well in Jasper County, and it hired Top Line Maintenance and Fiberspar Linepipe, L.L.C., to work on it. Jarrod Johnson, a Top Line worker, was hurt while moving pipe with a bulldozer. Fiberspar's gripping tool came loose and hit his leg. He sued Fiberspar and Preston Colegrove, a Fiberspar worker, for their negligence. This dispute is over who must defend Fiberspar and Colegrove in that lawsuit.

　　Anadarko agreed to defend Fiberspar in its service contract. Century Surety Company has a duty to defend Anadarko; it now wants Century to defend Fiberspar. It will prevail.

2. *Insurance.*

　　Anadarko is an additional insured under Top Line's Century policy. The policy requires Century to defend Anadarko in personal-injury lawsuits. It also requires Century to indemnify Anadarko for damages in them.

　　Anadarko's coverage applies when Top Line is working for it. Century says that Anadarko's liability comes from its contract with Fiberspar, not Top Line's work on Anadarko's well. Both Top Line and Fiberspar were working for Anadarko when Johnson, a Top Line worker, got hurt. Anadarko is covered.

3. *Contracts.*

The insurance covers *insured contracts* where Anadarko assumes the liability of another to pay for personal injuries to a third person. Anadarko's contract with Fiberspar requires it to defend Fiberspar in personal-injury lawsuits. The contract is insured.

Anadarko says that Century has a duty to defend Fiberspar because its service contract with Fiberspar is an *insured contract* under the policy. Century says that the policy may require it to indemnify Anadarko but not defend it or Fiberspar.

The policy says that Century will indemnify and defend the insured in covered lawsuits. If the contract is covered then the lawsuit is also covered and Century must defend Fiberspar.

4. *Law.*

A carrier's duty to defend is determined from the terms of the policy and facts in the third party's pleadings. *See Guideone Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308-10 (Tex. 2006).

The rule says to look at the complaint to see if it is a personal-injury lawsuit. It is. Then the rule says to look at the policy to see if it covers the lawsuit. The policy covers contracts, so the court must look at the contract to determine if it is covered. It is. The policy covers the contract and the lawsuit so Century must pay.

Century says this "eight-corners" rule prevents the court from considering the contract between Anadarko and Fiberspar, but because Century's policy covers contracts, the rule could easily be twelve-corners, sixteen-corners or even forty-eight corners. If Century wants to insure contracts, then it must do so when the claim comes in.

5. *Conclusion.*

Because Anadarko assumed the liability of Fiberspar in personal-injury lawsuits by an insured contract, it is covered by Century's policy. Century must defend Fiberspar and Colegrove in the *Johnson* lawsuit.

Signed on March 16, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge